UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

MALCOLM HOWELL, )
)
    Plaintiff, ) Docket No.: 09-6182
)
v. )
)
MICHAEL SZELAGOWSKI, both in his )
individual and official capacity as a Police ) **AMENDED COMPLAINT**
officer for the City of Philadelphia, )
PAUL SULOCK, both in his individual and )
official capacity as a Police Officer for the )
City of Philadelphia, SHAWNTAI )
COOPER, both in her individual and official )
capacity as a Police Officer for the City of )
Philadelphia, and ARRESTING OFFICERS )
1-10, ) **JURY TRIAL**
) **DEMANDED**
    Defendants. )

---

    Plaintiff MALCOLM HOWELL, by and through his attorney, William A. Riback, Esquire, for his Complaint against Defendants allege, upon information and belief, as follows:

### INTRODUCTION

1.    This is a civil action under 42 U.S.C. § 1983, the Eighth and Fourteenth Amendments of the United States Constitution, 28 U.S.C. § 1343, and pendent state law claims alleging violations of <u>Pennsylvania</u> law, charging Defendants with negligence, denial of equal protection of the law, and deprivation of liberty and property interests.

2.    Plaintiff also seeks monetary damages for the wrongful, intentional actions of the Defendants described herein; a declaration that the Defendants' conduct is

1

unconstitutional; and an injunction precluding the Defendants from continuing to violate the rights of the individuals placed in their custody or detention.

## JURISDICTION AND VENUE

3. Jurisdiction in this Court is invoked pursuant to 42 U.S.C. § 1983. Plaintiff also invokes the pendant jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a) to hear and decide claims arising under state law.

4. The practices alleged in this Complaint were committed in the Eastern District of Pennsylvania, wherein, upon reasonable information and belief, all of the parties reside, govern, and operate. Therefore, venue in this Court is invoked under 28 U.S.C. §§ 1331 and 1343 (1), (3) and (4), because this Complaint was filed to obtain compensatory damages, putative damages, and injunctive relief for the deprivation, under color of state law, of the rights of citizens of the United States secured by the United States Constitution and by federal law.

## THE PARTIES

5. Plaintiff Malcolm Howell ("Plaintiff") is an adult African-American male and citizen of the State of Pennsylvania, residing at 2327 Margaret Street, Philadelphia, PA 19137.

6. [Upon information and belief, Defendant City of Philadelphia ("the City") is an incorporated municipality of the Commonwealth of Pennsylvania. At all relevant times, hereto, the City was responsible for the policies, practices, supervision, implementation and conduct of all City of Philadelphia Police Department personnel.]

7. [Upon information and belief, Defendant Charles H. Ramsey ("Defendant" or "Defendant Ramsey") is the Police Commissioner for the City of Philadelphia, and as

such is a policy making Defendant implicating the City as an official actor, who upon information and belief is a Pennsylvania resident.]

8. Upon information and belief, Defendant Michael Szelagowski is a resident of Pennsylvania. Officer Szelagowski is being sued in both his individual and official capacity as a Police Officer for the City of Philadelphia.

9. Upon information and belief, Defendant Paul Sulock is a resident of Pennsylvania. Officer Sulock is being sued in both his individual and official capacity as a Police Officer for the City of Philadelphia.

10. Upon information and belief, Defendant Shawntai Cooper is a resident of Pennsylvania. Officer Cooper is being sued in both her individual and official capacity as a Police Officer for the City of Philadelphia.

11. Arresting Officers 1-10 are yet unidentified entities or individuals who upon identification will be brought into the Complaint by amendment.

## FACTUAL ALLEGATIONS

12. On August 30, 2009, Plaintiff Malcolm Howell was at a store at the intersection of Westmoreland and E Streets.

13. Plaintiff made a purchase at the store, and began to leave.

14. As he was walking out of the store, several Philadelphia Police Officers, including Defendants Szelagowski, Sulock, and Cooper, approached him because they thought that he fit the description of a recent carjacking suspect.

15. When the Police Officers began to approach Plaintiff, he became fearful and started running down Westmoreland Street toward D Street away from the Police Officers.

16. The Police Officers then chased Plaintiff.

17. A police helicopter also began following Plaintiff as he ran.

18. When Plaintiff was at the corner of D Street, he stopped running and got on the ground to surrender.

19. Plaintiff never resisted the Police Officers or in any manner showed any type of resistance.

20. Before verifying Plaintiff's identity or asking him any other questions, <u>one of the Defendants</u> hit Plaintiff with a blackjack to his head, back, and legs. Plaintiff was also tazered on the lower side of his back <u>by Defendant Cooper</u>.

21. <u>The Defendants</u> then began beating Plaintiff about his body and his face.

22. <u>Defendant Szelagowski struck Plaintiff with a baton.</u>

23. <u>One of the Defendants</u> also put his foot on the back of his neck, and pushed him down. As a result, the left side of Plaintiff's face suffered lacerations.

24. At no time prior to or during the assault of Plaintiff did any of the Police Officers ask Plaintiff if he was involved in a carjacking.

25. Several witnesses observed the assault on Plaintiff.

26. Still without ascertaining Plaintiff's identity, Plaintiff was handcuffed and transported in a police car to Episcopal Hospital by two Police Officers.

27. Despite the severity of Plaintiff's injuries, he was only given a Tylenol and released to the Police Officers' custody.

28. After leaving the hospital, Plaintiff was taken to the 24th District and then to the Youth Study Center.

29. Plaintiff was released after it was determined that he was not involved in the carjacking.

30. The next day, Plaintiff went to ARIA Hospital to seek treatment for his injuries, which included: a head injury that resulted in an "unspecified consciousness state," abrasions on Plaintiff's face and other areas, cervical strain, and chest pain.

31. Plaintiff's constitutional and civil rights were deliberately violated by the Police Officers, who maliciously, intentionally, and indifferently assaulted Plaintiff causing permanent injuries.

32. As a result of the incident with Defendants, Plaintiff continues to suffer severe physical pain. Plaintiff was utterly disrespected and severely injured by the Defendants without justification. Plaintiff is currently taking medication to ease his physical pain.

33. At all relevant times hereto, all Defendants were aware of, and recklessly and deliberately indifferent to, the policies, rules, and regulations relating to the use of excessive force against Citizens and person being detained by the Police Officers.

## COUNT ONE
## ("42 U.S.C. § 1983")

34. Plaintiff repeats and realleges the allegations stated in the preceding paragraphs as though set forth fully herein.

35. The conduct of the Defendants as set forth above, acting under color of state law, was intended to harm Plaintiff and was recklessly and deliberately indifferent to the safety, bodily integrity, well-being, privacy and liberty of Plaintiff, and was committed in conscious disregard of the substantial and/or unjustifiable risk of causing harm to Plaintiff.

36. The conduct of Defendants as set forth above violated Plaintiff's constitutional rights to be free from unreasonable searches or seizures, rights to be free from cruel and unusual punishment, and rights to privacy, as guaranteed by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and as remediable pursuant to 42 U.S.C. § 1983.

37. The Defendants, in acting to deprive Plaintiff of his rights, acting within the scope of their employment, misused their official powers and acted from a willful and malicious intent to deprive Plaintiff of his civil rights and cause him severe injuries thereby.

38. Defendants, in acting to deprive Plaintiff of his rights, acted intentionally, knowingly, willfully, and with gross disregard of Plaintiff's rights.

39. By reason of the aforesaid conduct, the Plaintiff has been intentionally deprived of liberty and property interests protected by the 14th Amendment.

40. As a direct and proximate result of the violations of Plaintiff's civil rights, he was caused to suffer grievous physical injuries as set forth above and herein, medical and legal expenses, mental anguish and emotional distress.

WHEREFORE, Plaintiff states a cause of action under 42 U.S.C. § 1983.

### DAMAGES

41. Plaintiff repeats and realleges the allegations stated in paragraphs 1 through 50 as though set forth fully herein.

42. As a direct and proximate result of the above-described conduct of Defendants, Plaintiff has in the past suffered, and will in the future continue to suffer,

damages including severe physical suffering, including physical manifestations of emotional distress and medical expenses.

WHEREFORE, plaintiff seeks judgment against the Defendants and each of them jointly and severally as follows:

    a. That the Court and jury enter a declaratory judgment and find that the Defendants' conduct is violative of Plaintiff's statutory and common law rights;

    b. That the Court and jury enter a declaratory judgment and find that the Defendants' conduct and language was so egregious, willful, deliberate, indifferent, reckless, intentional, outrageous, abusive, and was accompanied by a wanton and willful disregard for the foreseeable harm caused by this conduct and language as to necessitate punitive damages;

    c. That the Court and jury award Plaintiff such compensatory damages allowable at law;

    d. That the Court and jury award such declaratory, actual, and nominal damages as are allowable at law;

    e. That the Court award such attorney fees, costs and expenses, pre- and post- judgment interest and delay damages as are allowable at law;

    f. Other and further relief as the Court deems appropriate.

## JURY TRIAL

Plaintiff demands a jury as to all issues.

WILLIAM RIBACK, LLC

Dated: 3/16/2010

/s/ William Riback
William Riback, Esquire
132 Haddon Avenue
Haddonfield, NJ 08033
Attorney for Plaintiff